UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES INSTRUMENTS INC**   **CASE NO. 2:21-CV-00893**

**VERSUS**   **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**   **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 21] filed by defendant Scottsdale Insurance Company and seeking a ruling limiting plaintiff's entitlement to actual damages on its bad faith claim under Louisiana Revised Statute 22:1973. Plaintiff Lake Charles Instruments, Inc. ("LCI") opposes the motion. Doc. 26.

## I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck the same area on October 9, 2020. LCI operates a business in Lake Charles, Louisiana. At all relevant times it was insured under a commercial property insurance policy issued by defendant Scottsdale Insurance Company ("Scottsdale"). *See* doc. 21, att. 4. LCI made a claim on its policy after Hurricane Laura, but maintains that Scottsdale failed to timely or adequately pay on its claims. It filed suit against Scottsdale in this court on April 5, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1. There

LCI claimed it was entitled to actual damages as part of its bad faith claim under Louisiana Revised Statute 22:1973. *Id.*

The case proceeded through the Streamlined Settlement Process outlined in the Case Management Order [doc. 4] for first-party insurance claims arising from Hurricanes Laura and Delta, but did not resolve. Doc. 10. By scheduling order dated January 31, 2022, it was set for jury trial before the undersigned on August 8, 2022. Doc. 11. Scottsdale now brings this Motion for Partial Summary Judgment [doc. 21], asserting that LCI cannot recover for any of the actual damages it has asserted as part of its bad faith claim under Louisiana Revised Statute 22:1973, because (1) as a corporation LCI cannot recover for mental anguish damages; (2) LCI lacks proof of any diminution of value damages; and (3) other "actual damages" sought by LCI are amounts that, if proven, are owed under the policy and therefore not recoverable under § 1973. Doc. 21, att. 2. LCI opposes the motion, arguing that it suffered recoverable damages in the form of diminution of property value and that it does not require expert testimony to prove this assertion. Doc. 26.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally

prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." Under § 22:1973(C), this award is limited to "two times the damages sustained or five thousand dollars, whichever is greater." These damages are calculated based on consequential damages resulting from the insurer's failure to pay, rather than from amounts due under the insurance contract. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1168 (La. 2011). Accordingly, LCI must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000.

In its petition LCI asserts:

As a result of Scottsdale's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to business property manipulation, cleaning, repair, and/or replacement;

e. Lost business income;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

Doc. 1, ¶ 52.

As Scottsdale points out, Louisiana state and federal courts agree that business entities are incapable of experiencing human emotions and cannot recover on that basis. *Frank C. Minvielle, LLC v. IMC Global Opers., Inc.*, 380 F.Supp.2d 755, 772 (W.D. La. 2004) (citing *Whitehead v. Am. Coachworks, Inc.*, 837 So.2d 678, 682 (La. 2002)). LCI presents no opposition, and the court agrees that mental anguish damages are not recoverable in this matter.

Scottsdale also asserts that LCI has presented no evidence of diminution of property value because it has not designated an expert to testify as to the value of the property prior to the loss "or the validity or scope of any claim for diminution in value of the Property" and that it cannot establish causation for any consequential damages. Doc. 21, att. 2, p. 9. As Scottsdale notes, the time for designating an expert has now passed under the court's scheduling order. Doc. 11.

LCI has produced a report from The Structural Alliance ("TSA") [doc. 26, att. 3], created based on an inspection of the property on May 9, 2022, which purportedly "demonstrates clear, ongoing damages to the Property and ongoing interruption to LCI's operations caused by those loss events which demonstrate both a diminution in the value of the Property and of the business." Doc. 26, p. 9. It also maintains that it does not require expert testimony to prove diminution in value and that the property owner may instead offer a lay opinion on this issue. Finally, it asserts that its secretary and treasurer, Keitha

Greicar, may offer an opinion as to the diminution in value of its business operations resulting from the delay in repairs and reopening. *Id.*

The TSA report fails to delineate between damages caused by delay in repair and those caused by the storm itself. The Fifth Circuit has held that a property owner may testify as to the value of his land, whether assessed at the time of trial or at some point in the past, without further qualification. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050–51 (5th Cir. 1998) (citing *United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982)). As demonstrated above by *Durio*, however, the plaintiff must still prove causation in order to distinguish damages under § 1973(C) from the storm damage covered under the policy. The property owner's testimony as to the change in value of his unrepaired commercial property since Hurricane Laura is insufficient to show what diminution was caused by any delay in payment from Scottsdale as opposed to the storm itself. As for the damage to business operations, the court will defer until trial its rulings on whether Greicar's testimony falls within the acceptable bounds of lay testimony. Assuming she is able to lay a proper foundation and that her testimony establishes causation between delays in reopening and any lost profits, LCI may be able to proceed with the claim. Accordingly, summary judgment will be denied in this respect.

As for the remaining damages outlined under subsections (b) through (e), Scottsdale asserts that these are all recoverable under the policy and notes that LCI seeks coverage under the policy for these amounts, though Scottsdale disputes the amount owed under each claim. Doc. 21, att. 2, pp. 10–11. LCI provides no opposition. As the Louisiana Supreme Court has held, damages under § 1973(C) must flow from the breach of the

contract and are distinct from those recoverable under the policy itself. *Durio*, 74 So.3d at 1170. Accordingly, LCI's damages outlined in subsections (b)–(e) of ¶ 52 are not recoverable under § 1973(C) in this matter.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 21] will be **GRANTED IN PART** and **DENIED IN PART**. LCI may proceed with its claim as to its claim for diminution in value of business operations, subject to its ability to lay a proper foundation and provide adequate proof through the testimony of Keitha Greicar, but not with any other claim for damages under § 1973(C).

**THUS DONE AND SIGNED** in Chambers this 1st day of July, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**