UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES INSTRUMENTS INC**     **CASE NO. 2:21-CV-00893**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 22] filed by defendant Scottsdale Insurance Company and seeking a ruling capping plaintiff's contractual recovery for business personal property coverage at $526,284.48. Plaintiff Lake Charles Instruments, Inc. ("LCI") opposes the motion. Doc. 28.

### I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck the same area on October 9, 2020. LCI operates a business in Lake Charles, Louisiana. At all relevant times it was insured under a commercial property insurance policy issued by defendant Scottsdale Insurance Company ("Scottsdale"). *See* doc. 22, att. 4. The policy provides, *inter alia*, business personal property ("BPP") coverage of up to $750,000, with a $7,500 wind/hail deductible. *Id.* at 62.

LCI made a claim on its policy after Hurricane Laura, reporting *inter alia* damage to computers and damage to wall sections "near the CNC computer machining

equipment[.]" Doc. 22, att. 5, pp. 24–26. Scottsdale assigned a third-party BPP vendor, Genpact[1], to adjust this aspect of the claim. Genpact first inspected the property, along with the insured's representative, on September 25, 2020. Doc. 22, att. 6. In his final narrative Genpact's field inspector noted that all areas of the premises were accessible, no items had been discarded prior to the on-site inspection, most of the items in the business were cleanable, and that he had no issue obtaining age, price, or place of purchase on damaged items from the insured. *Id.* at 2. Following the inspection, Genpact issued a report valuing the damage property at $88,955.73 replacement cash value ("RCV") and $60,950.59 actual cash value ("ACV"). Doc. 22, att. 7. Scottsdale incorporated these amounts into its estimate dated February 26, 2021, and, after applying the $7,500 deductible to the ACV, issued LCI a check for $53,450.59 on March 29, 2021. Doc. 22, atts. 8, 9.

LCI alleges that Scottsdale failed to timely or adequately compensate it for its losses under the policy. Accordingly, it filed suit in this court on April 5, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1. Pursuant to the court's Case Management Order ("CMO"), the parties exchanged initial disclosures on July 12, 2021. In those disclosures LCI valued its contents claim at $66,524.34 but also stated that this amount was exclusive of "contents lists that are still being created[.]" Doc. 22, att. 10, p. 2. On August 26, 2021, LCI provided a spreadsheet prepared by CAS Claims, LLC, and showing BPP damages totaling $2,167,024.31. Doc. 22, att. 13.

---

[1] This company is also described interchangeably as "National Vendor" in some of the documentation. *See*, *e.g.*, doc. 22, att. 7 (BPP report, listing "National Vendor" personnel with Genpact email address). For ease of reference, the court uses "Genpact" exclusively.

The case proceeded through the Streamlined Settlement Process outlined in the CMO but did not resolve. By order dated January 31, 2022, it was set for jury trial on August 8, 2022. Doc. 11. Scottsdale propounded discovery to LCI on February 8, 2022, including requests for information on the BPP claim. Doc. 14, att. 4. Specifically, at Interrogatory 19 Scottsdale requested:

> Please identify, by description, age of item, purchase price, and location in the Property, of every content/item that you claim was damaged by Hurricane Laura and Hurricane Delta. Please identify in your response the Hurricane that damaged the item, the extent of damage to the content/item and whether the content/item was salvageable or repairable. If you respond to this interrogatory by referring to any documents previously produced by you with your initial disclosures, as required by the Court's CMO #1, please identify each document by Bates number, or in sufficient detail to enable their identification, as required by F.R.C.P. Rule 33(d).

*Id.* at 9–10. In response LCI provided only the spreadsheet prepared by CAS Claims and already turned over during the Streamlined Settlement Process. Doc. 14, att. 5. Scottsdale's BPP experts, Industrial Loss Consultants, LLC ("ILC") and Enservio, LLC ("Enservio") then inspected the property from May 16 through 18, 2022, and issued reports based on LCI's submitted value for each item. From these inspections they determined that the total value of BPP damages was $526,284.48 (RCV).[2] Doc. 22, atts. 17 & 18. They also concluded that the remaining items listed in the CAS report were not damaged, potentially cleanable, or unverified. *Id.*

After Scottsdale pointed out deficiencies in LCI's discovery responses and LCI failed to remedy them, Scottsdale filed a Motion to Compel in this court on May 6, 2022.

---

[2] ILC inspected the machinery and found $491,091.23 (RCV) in damages. Doc. 22, att. 17. Enservio inspected the remaining contents and found $35,193.25 (RCV)/$18,192.42 (ACV) in damages. Doc 22, att. 18.

Doc. 14. Despite supplemental productions by LCI after the motion was filed, the court found that its response was still deficient in certain respects and granted the motion. Doc. 18. As to the BPP claim it ordered, in relevant part, that LCI supplement its responses to provide all of the information requested at Interrogatory 19. *Id.* LCI provided a modified contents list to Scottsdale on June 15, 2022, in compliance with the court's order. Doc. 28, ¶¶ 47–48. Scottsdale also states that its experts' reports were turned over to LCI on June 15, 2022, in accordance with the expert report deadline under the court's scheduling order. Doc. 22, att. 2, p. 9. Since that time it has also made a supplemental tender based on its experts' estimates as well as the cost for cleaning on the "potentially cleanable" items. Doc. 30, att. 1.

Scottsdale filed the instant Motion for Partial Summary Judgment [doc. 22] on June 9, 2022, noting that LCI had not updated its contents list but admitting that it still had time to do so before the court's deadline. It argues that LCI's damages should be capped under the BPP claim due to its failure to offer adequate proof that the value exceeds that put forth by Scottsdale's experts. LCI opposes the motion, arguing that it has timely supplemented the information from CAS and that this conflict must go to the jury.

**II.**
**SUMMARY JUDGMENT STANDARD**

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact.

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Scottsdale does not dispute that LCI has supplemented its contents list as required. Accordingly, the contents list and report provided by CAS create a fact issue over the valuation of the BPP claim against the reports provided by Scottsdale's experts. *See, e.g., Via Vadis, LLC v. Blizzard Entertainment, Inc.*, 2021 WL 6116794, at *8 (W.D. Tex. Dec.

26, 2021) (citing *Edwards Sys. Tech., Inc. v. Digital Control Sys., Inc.*, 99 F. App'x 911, 921 (Fed. Cir. 2004)) ("battle of experts" renders summary judgment improper). Furthermore, Scottsdale's expert reports are not as airtight as to valuation as its motion suggests since the experts have allowed that some of the items from the CAS report were "potentially cleanable" and/or "unverified"—equivocal assertions that LCI may attempt to rebut at trial. Likewise, Scottsdale will have the opportunity at trial to attack LCI's credibility through its own insistence that all items on the original CAS inventory must be valued as part of the BPP claim even though LCI admitted in its supplement that 71 of these items are salvageable. *Compare* doc. 30, att. 2 *with* doc. 28. Accordingly, summary judgment is inappropriate as to this claim.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 22] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 1st day of July, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE